■ RILUC COMPANY, INC., Respondent, v RELIANCE INSURANCE COMPANY OF NEW YORK et al., Appellants. (Appeal No. 1.)—Judgment unanimously reversed on the law without costs. Same Memorandum as in Riluc Co. v Reliance Ins. Co. ([appeal No. 2] 181 AD2d 1048 [decided herewith]). (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.— Breach of Performance Bond.) Present—Denman, P. J., Green, Pine, Lawton and Doerr, JJ.

affirmed without costs, and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: We find that plaintiff complied with the notice of claim requirements of State Finance Law § 137 (3), as a condition precedent to commencing this action upon a labor and material bond. The notice of lien, which was actually received by the general contractor within 120 days of plaintiff's last delivery of gravel to the job site, contained all of the information specified in State Finance Law § 137 (3) *(see, Vigliarolo Bros. v Lanza Contr. Corp.,* 127 Misc 2d 965), and was sufficient to apprise the general contractor of plaintiff's claim. Supreme Court properly denied plaintiff's application for counsel fees pursuant to State Finance Law § 137 (4) (c) because the defense interposed was not "without substantial basis in fact or law." We conclude, however, that questions of fact exist concerning the amount of money due and owing plaintiff. The documentary evidence submitted by plaintiff to support its claim raises questions concerning the accuracy of the billings. For example, certain delivery tickets appear more than once and some indicate that material was delivered to a different job site. Consequently, the matter should be remitted to Supreme Court for a hearing on the issue of damages only. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Lawton and Doerr, JJ.